RECEIPT NUMBER
514976

13

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ORIGINAL

ROSE SAUNDER

Plaintiff,

v.

Case No. **04-73982**

Hon.:

ROBERT H. CLELAND

MAGISTRATE JUDGE MORGAN

CITY OF DETROIT, KEVIN HANUS,
SCOTT SHEA, JOHN SKUBIK,
STEVE CARLIN, STEVEN CRUTCHFIELD,
RANDAL HAMPTON, MR/MS. SMITH,
RAY MOXLEY BERRY, ANTHONY ARMSTRONG,
GASHANNA MCGHEE, DANIEL MATHISON,
KIMBERELLA MCCREE, AL WILLIAMS,
BRIAN FIELDS, IRA TODD, JEVON JOHNSON,
KEITH BEASLEY, PHARABROUS WHITE,
RODNEY CLARK, and ROWLAND CLARK, in their
individual and official capacities,

Defendants.
_____/

LAW OFFICES OF CHRISTOPHER TRAINOR
BY: SHAWN J. COPPINS (P63128)
Attorney for Plaintiffs
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650
_____/

U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

FILED
'04 OCT 12 P2:32

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ROSE SAUNDER,** by and through her attorney, LAW

OFFICES OF CHRISTOPHER J. TRAINOR, and in support of her Complaint against the above

named Defendants, states as follows:

1.  The Plaintiff is a resident of the City of Detroit, County of Wayne, State of

Michigan.

2.    The Defendant City of Detroit is a municipal corporation organized and existing under the laws of the State of Michigan.

3.    The individually named defendants were, at all times material herein, employees of City of Detroit Police Department.

4.    This lawsuit arises out of the individually named Defendants' actions in arresting Plaintiff without probable cause or any legal justification whatsoever and in failure to provide Plaintiff, who is hypoglycemic, with adequate medical care and treatment while she was in their custody, causing her to suffer severe injuries.

5.    The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.


## FACTS

6.    On or about October 13, 2001, Plaintiff was present at her home located at 3258 Ewald Circle, Detroit, Michigan.

7.    Plaintiff and her boyfriend had an argument and Plaintiff felt unsafe and decided it was best she leave.

8.    Plaintiff went outside and sat in her boyfriend's vehicle.

9.    Plaintiff's boyfriend then called the police claiming that Plaintiff had a gun and "shots were fired".

10.    Defendant Detroit police officers KEVIN HANUS and SCOTT SHEA arrived and asked Plaintiff to get out of the vehicle she was sitting in.

11.    The officers then searched the vehicle and found a handgun inside the passenger compartment.

12.    Plaintiff was unaware that a gun was in the vehicle.

13.   Plaintiff was taken into custody by the City of Detroit police officers.

14.   Upon arrival at the 10th Precinct she advised the arresting officers and other of the individually named defendants that she was hypoglycemic and needed food or juice.

15.   Plaintiff was brought a bologna sandwich that was covered in dirt.

16.   Plaintiff was unable to eat the dirty bologna sandwich that was presented to her.

17.   Plaintiff became ill and continuously requested edible food or juice.

18.   Defendants continued in their failure and/or refusal to provide Plaintiff with edible food or juice.

19.   Several hours after her requests, Plaintiff passed out due to low blood sugar.

20.   While Plaintiff was unconscious, certain of the individually named Defendants kicked and/or otherwise struck Plaintiff while trying to revive her.

21.   EMS was then contacted, and certain EMS technicians arrived to examine Plaintiff.

22.   The EMS technicians did not have a sterile needle with which to administer a blood sugar level test.

23.   The EMS technicians left Plaintiff in the custody of Defendants, but advised certain of the individually named Defendants that they should call again if Plaintiff continued to have complaints.

24.   Despite Plaintiff's numerous complaints, the EMS technicians were not again summoned to evaluate Plaintiff's condition.

25.   Plaintiff did not receive any food or drink until she was about to be released from custody on the following day.

26.   Plaintiff was then released and all charges were eventually dismissed.

27. The Defendants were grossly negligent and showed a reckless disregard for the safety and well being of Plaintiff.

28. Plaintiff suffered injuries as a result of the above actions.

**COUNT I**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTH AMENDMENT, 42 U.S.C. §1983**
**WARRANTLESS SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE**

29. Plaintiff realleges and incorporates by reference all allegations of this Complaint as though fully set forth herein.

30. The Fourth Amendment of the United States Constitution establishes that Plaintiff has the right to be free from deprivation of life, liberty and bodily security without due process of law and to be free from unreasonable searches and seizures without oath or affirmation.

31. The Fourth Amendment requires that the deprivation of life, liberty and bodily security be caused by a state actor; that the deprivation is unreasonable if the state acts without a warrant, unless there is probable cause or exigent circumstances considering the totality of the circumstances.

32. At all material times, the individually named Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they arrested Plaintiff and seized her without a warrant, and without probable cause or exigent circumstances.

33. Defendants acted unreasonably and failed in their duty to investigate the alleged crime when they arrested Plaintiff without considering the totality of the circumstances.

4

34.   Defendants acted under color of law and violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures when they conducted a warrantless search and arrested Plaintiff.

35.   A reasonable officer would have known that a warrant or probable cause was required before they could arrest Plaintiff and seize her.

36.   Defendants are not entitled to qualified immunity as state actors, and can be sued in their individual capacity for violation of Plaintiff's clearly established Fourth Amendment Constitutional right to be free from unreasonable searches and seizures.

37.   Defendants' illegal acts were the direct and proximate cause of Plaintiff's deprivation of liberty, and illegal imprisonment.

38.   The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C. §1983, Plaintiff respectfully requests this court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C.§ 1988.

## COUNT II
## ADDITIONAL CONSTITUTIONAL VIOLATIONS

39.   Plaintiff realleges and incorporates by reference all paragraphs in this Complaint as though fully set forth herein.

40.   The individual Defendants were at all relevant times acting under color of law.

41.   As a result of the conduct complained of herein, Plaintiff suffered deprivation of clearly established rights protected and secured by the constitution and by other laws, including, but not limited to:

5

        a.  A right to be free from deprivation of liberty and bodily security and

             integrity without due process of law;

        b.  A right to be free from unreasonable searches and seizures.

42.  Defendants acted at all times with a reckless disregard for and/or deliberate indifference to Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

43.  As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT III**
**CONSTITUTIONAL VIOLATIONS**
**BY CITY OF DETROIT**

44.  Plaintiff realleges and incorporates by reference all paragraphs in this Complaint as though fully set forth herein.

45.  Acting recklessly and/or with deliberate indifference, Defendant, CITY OF DETROIT, practiced and/or permitted customs and/or policies, which resulted in the violations of Plaintiff's constitutional rights complained of herein.

46.  These customs and/or policies included, but were not limited to:

        a.  Failure to train its officers in the proper policies and procedures for

             obtaining a warrant;

        b.  Failure to train its officers how to determine whether there is probable

             cause for arrest.

        c.  Failure to train its police officers in the proper policies and procedures

             for providing medical treatment for persons in its custody;

6

d.   Failing to supervise its police officers to insure that they are acting in the best interest of those in its custody so as to prevent unnecessary injuries as a result of improper attention to illnesses known of at the time of arrest;

e.   Failure to teach officers constitutional and statutory law as it pertains to their work as officers;

f.   Failing to train in intervening, stopping, preventing violations of person's constitutional rights;

g.   Failing to supervise its officers so as to prevent the violation of its citizens' constitutional rights; and

h.   Failing to supervise, review and/or discipline officers whom the CITY OF DETROIT knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its officers to engage in such conduct.

47.   That Defendants' actions in denying Plaintiff medical treatment with knowledge that she was hypoglycemic, was intentional and reckless and/or grossly negligent in depriving Plaintiff the constitutional rights afforded her by the fourth and/or fourteenth Amendment.

48.   The deprivation of those rights is in contravention of the United States Constitution.

49.   As a direct and proximate result of the Defendants' actions and/or omissions, Plaintiff suffered all those damages and injuries described herein.  Plaintiff has a viable

7

claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

50.  That as a direct and proximate cause of Defendants' actions, Plaintiff has suffered and continues to suffer the damages specified in the aforementioned paragraphs.

## DAMAGES AND RELIEF REQUESTED

51.  Plaintiff realleges and incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

52.  As a direct and proximate result of the aforementioned deprivation of constitutional rights and breaches of statutory and common law duty by Defendants, Plaintiff was threatened, harassed, arrested, imprisoned, suffered loss of property and liberty, resulting in severe injuries including but not limited to physical pain and suffering; mental anguish; fright and shock; emotional, physical and psychological trauma; and embarrassment and humiliation.

53.  As a direct and proximate result of Defendants' unlawful acts, Plaintiff has sustained hospital, medical and therapeutic expenses and will continue to incur such expenses into the foreseeable future.

54.  As a direct and proximate result of Defendants' unlawful acts, Plaintiff has sustained loss of property and loss of earnings.

55.  As a direct and proximate result of Defendants' unlawful acts, Plaintiff has been deprived of enjoyment of life and will continue to suffer trauma into the foreseeable future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount that is fair, just, reasonable, and in excess of Seventy-Five Thousand Dollars ($75,000.00) as follows:

a.  Awarding Plaintiff compensatory damages for actual injury, emotional distress and/or medical trauma, embarrassment and humiliation, loss of self-worth and self-esteem, loss of quality and enjoyment of life, loss of property, and loss of earnings;

b.  Awarding Plaintiff reasonable costs and expenses of this action, including attorney fees set forth in 42 U.S.C. § 1988.

c.  Awarding punitive damages to punish and deter past, present, and future conduct.

d.  Granting Plaintiff such other and further relief as may be deemed just.

Respectfully Submitted,

LAW OFFICE OF McCALL & TRAINOR

By: _____
CHRISTOPHER J. TRAINOR (P42449)
SHAWN J. COPPINS (P63128)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650

DATED: October 12, 2004

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff **ROSE SAUNDER,** by and through her attorneys, LAW OFFICE

OF McCALL & TRAINOR, and hereby makes a Demand for Trial by Jury in the above-entitled

cause.

Respectfully Submitted,

LAW OFFICE OF McCALL & TRAINOR

By:
CHRISTOPHER J. TRAINOR (P42449)
SHAWN J. COPPINS (P65128)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650

DATED: October 12, 2004

10

**04-73982**

**ORIGINAL**

JS 44 11/99  **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: _____

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

ROSE SAUNDER

(b) County of Residence of First Listed _____

**DEFENDANTS**

CITY OF DETROIT, ET AL

ROBERT H. CLELAND

MAGISTRATE JUDGE MORGAN

County of Residence of First Listed _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

LAW OFFICES OF McCALL & TRAINOR
6557 HIGHLAND, WATERFORD, MI
248 886-8650

Attorneys (If Known)

CHRISTOPHER J. TRAINOR (P42449)
SHAUN COPPINS (P63128)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel and Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☒ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS-Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $DEMAND   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY:** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 10/12/04   SIGNATURE OF ATTORNEY OF RECORD SHAUN COPPINS

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other        ☐ Yes
          court, including state court? (Companion cases are matters in which    ☐ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :