6

ORIGINAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROSE SAUNDER,

    Plaintiff,

-vs-

CITY OF DETROIT, KEVIN HANUS,
SCOTT SHEA, JOHN SKUBIK,
STEVE CARLIN, STEVEN CRUTCHFIELD,
RANDAL HAMPTON, MR/MS. SMITH,
RAY MOXLEY BERRY, ANTHONY ARMSTRONG,
GASHANNA MCGHEE, DANIEL MATHISON,
KIMBERELLA MCCREE, AL WILLIAMS,
BRIAN FIELDS, IRA TODD, JEVON JOHNSON,
KEITH BEASLEY, PHARABROUS WHITE,
RODNEY CLARK, and ROWLAND CLARK, in their
individual and official capacities,

    Defendants.

Case No. 04-73982
Hon. Robert H. Cleland
Magistrate Judge Morgan



---

| | |
|---|---|
| SHAWN J. COPPINS (P63128)<br>Law Offices of Christopher Trainor<br>Attorney for Plaintiffs<br>6557 Highland Road, Suite 105<br>Waterford, MI 48237<br>(248) 886-8650 | SUE HAMMOUD (P64542)<br>City of Detroit Law Dept.<br>Attorney for Defendant<br>1650 First National Building<br>Detroit, MI 48227<br>(313) 237-5064 |

---

## DEFENDANT CITY OF DETROIT'S, ANTHONY ARMSTRONG'S, LASHANNA MCGHEE'S and DANIEL MATHISON'S ANSWER TO COMPLAINT

NOW COME Defendants, CITY OF DETROIT, ANTHONY ARMSTRONG, LASHANNA MCGHEE and DANILE MATHISON, by and through the undersigned attorney and respond to Plaintiff's Complaint as follows:

1.    Defendants admit the allegations reflected in Paragraph 2 of Plaintiff's Complaint.


ORIGINAL

2. Defendants deny each and every allegation of Paragraphs 4, 5, 12, 14, 15, 16, 17, 18, 20, 24, 25, 28, 33, 34, 36, 37, 38, 41 and its sub-paragraphs, 42, 43, 45, 46 and its sub-paragraphs, 47, 49, 50, 52, 53, 54, and 55 of Plaintiff's complaint; Defendants further deny Plaintiff's request for relief in its entirety.

3. Defendants deny having sufficient knowledge or information upon which to form a belief regarding the allegations of Paragraphs 1, 3, 6, 7, 8, 9, 10, 11, 13, 19, 21, 22, 23, 26, 32 and 40 of Plaintiff's complaint.

4. The assertions reflected in paragraphs 27, 30, 31, 35, and 48 of Plaintiff's complaint constitute conclusions of law for which no response is required.

5. The assertions reflected in Paragraphs 29, 39, 44, and 51 of Plaintiff's complaint do not constitute a factual allegation and therefore require no response.

## SPECIAL AND AFFIRMATIVE DEFENSES

1. Plaintiff's state law tort claims against Defendant City of Detroit are barred by the Governmental Immunity Act, MCL 691.1401, et seq.; to the extent it predicates City liability upon directly asserted state law tort theories of recovery, Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted.

2. To the extent it predicates City liability upon vicariously asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. To the extent it predicates City liability upon negligent or grossly negligent conduct, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4. Any injury suffered by Plaintiff was proximately caused by Plaintiff's own negligence and other wrongful conduct.

5. Plaintiff has failed to mitigate her damages.

6. All or parts of claims are time barred by the applicable statute of limitations.

7. To the extent it predicates liability upon vicariously asserted grounds, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

8. To the extent it predicates constitutionally based liability upon grossly negligent conduct, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

9. To the extent it reflects state tort law claims arising from alleged intentional torts committed as the result of negligent or grossly negligent conduct, Plaintiff's complaint fails to state a claim upon which relief may be granted.

10. Defendants Anthony Armstrong, LaShanna McGhee, and Daniel Mathison are immune from liability regarding Plaintiff's state law claims. At all relevant times Defendants were employees of the City of Detroit, a governmental agency; the City of Detroit was engaged in a legitimate governmental function- law enforcement; Defendants acted within the scope of their authority; Defendants did not act so recklessly as to demonstrate a substantial lack of concern for whether an injury would result; and Defendants' conduct was not the proximate cause of Plaintiff's injury or damage, if any.

11. At all relevant times Defendants Anthony Armstrong, LaShanna McGhee, and Daniel Mathison acted in good faith and with objective reasonableness and are therefore immune to liability regarding Plaintiff's federal claims.

12. To the extent Defendants' conduct was not the proximate cause of Plaintiff's asserted injuries or damages arising under Plaintiff's state tort law claims, Plaintiffs fail to state a claim upon which relief may be granted.

13. To the extent Defendants acted after Plaintiff suffered the asserted injuries or damages, Defendants' conduct is not causally related to such injuries or damages and, as a result,

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

14.     Plaintiff's claims of false arrest, false imprisonment, and deprivation of liberty are without merit as a matter of law as probable cause existed for the arrest of Plaintiff.

15.     To the extent it seeks to impose liability for intentional tortious acts committed through negligent or grossly negligent conduct, Plaintiff fails to state a claim upon which relief may be granted.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants in the above captioned matter, by and through counsel, reserve the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, Defendants do not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendants demand Plaintiff join in this action all claims Plaintiff may have against any Defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

## RELIANCE ON JURY DEMAND

Defendants City of Detroit, Anthony Armstrong, Lashanna McGhee, and Daniel Mathison hereby rely upon Plaintiff's demand for trial by jury.

**WHEREFORE IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to the Defendants.

Respectfully submitted,

**SUE HAMMOUD (P64542)**
Attorney for Defendants
1650 First National Building
Detroit, Michigan 48226
(313) 237-5064

DATED: October 29, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE SAUNDER,

    Plaintiff,

-vs-

CITY OF DETROIT, KEVIN HANUS,
SCOTT SHEA, JOHN SKUBIK,
STEVE CARLIN, STEVEN CRUTCHFIELD,
RANDAL HAMPTON, MR/MS. SMITH,
RAY MOXLEY BERRY, ANTHONY ARMSTRONG,
GASHANNA MCGHEE, DANIEL MATHISON,
KIMBERELLA MCCREE, AL WILLIAMS,
BRIAN FIELDS, IRA TODD, JEVON JOHNSON,
KEITH BEASLEY, PHARABROUS WHITE,
RODNEY CLARK, and ROWLAND CLARK, in their
individual and official capacities,

    Defendants.

Case No. 04-73982
Hon. Robert H. Cleland
Magistrate Judge Morgan

---

| SHAWN J. COPPINS (P63128)<br>Law Offices of Christopher Trainor<br>Attorney for Plaintiffs<br>6557 Highland Road, Suite 105<br>Waterford, MI 48237<br>(248) 886-8650 | SUE HAMMOUD (P64542)<br>City of Detroit Law Dept.<br>Attorney for Defendant<br>1650 First National Building<br>Detroit, MI 48227<br>(313) 237-5064 |
|---|---|

## CERTIFICATE OF SERVICE

TANIESHA L. LEWIS, certifies that on the **November 1, 2004**, she served a copy of **DEFENDANT CITY OF DETROIT'S, ANTHONY ARMSTRONG'S, LASHANNA MCGHEE'S and DANIEL MATHISON'S ANSWER TO COMPLAINT, SPECIAL AND AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND and CERTIFICATE OF SERVICE** on the above-named attorney of record by placing the same in an envelope and after securely sealing same and affixing sufficient first-class prepaid postage thereto, deposited same in the United States mail for transmission to the addressee thereof.

I declare that the statements above are true to the best of my information, knowledge, and belief.

*/s/ Taniesha L. Lewis*
TANIESHA L. LEWIS